[File No. 5810.]

CALVIN L. NICHOLS, Respondent, v. HENRY A. KLUVER, Sole Trader, etc., et al. HENRY A. KLUVER, Appellant.

(237 N. W. 640.)

Opinion filed May 22, 1931.

*McGee & Goss,* for appellant.

*L. J. Palda, Jr., Robert W. Palda* and *C. E. Brace* for respondent.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to recover damages for personal injuries.   He was awarded a verdict in the sum of $3,000.00.   The defendant has appealed from the judgment and from the order denying his motion for judgment notwithstanding the verdict or for a new trial.   The following material facts are not in dispute: On the evening of December 21, 1928, between 5 and 6 o'clock, the defendant Christopher, an employee of the defendant Kluver, while, riding a motorcycle on one of the streets of the city of Minot, collided with the plaintiff Nichols and knocked him down with the result that Nichols sustained certain injuries, among others a broken leg.   As a result of the injuries then sustained the plaintiff was confined to his house for a considerable period of time and incurred or expended for medical services and treatment a sum of to exceed $135.00.   As regards the other facts there is more or less conflict or dispute in the evidence.

The plaintiff testified that the accident occurred about 5:30 P. M., while the defendant Christopher testified that it occurred about twenty minutes earlier.   The plaintiff Nichols testified that it was dark at the time of the collision.   His version of the accident is substantially as follows:   Nichols parked his car or truck on the opposite side of the street from a place known as the Swiss Tire Shop and he then took a tire in there for repair.   After the tire had been repaired he came out of the tire shop to the curb and stood there about six feet from the curb and waited while two cars passed, one going in each direction.

After the cars had passed he looked both ways to see whether there were any cars approaching. Seeing none, he stooped to pick up his tire to carry it across the street and had just picked it up when he was knocked over. He further testified that thereafter he knew nothing about what happened until the next day when he found himself in bed. He testified positively that he looked in both directions after the last car passed before attempting to cross the street but could not see any vehicle coming and could have seen one if one was coming. He testified that a car was standing on the east side of the street, north of where he attempted to cross. He further testified that he heard no blowing of the horn or other warning; and according to his testimony the vehicle that struck him had no lights. His testimony further shows that when he regained consciousness, and from then on, he had pains in his leg, shoulder and back and was in bed for four weeks after the accident. After he got out of bed he was around on crutches and continued to have soreness through his stomach, back and shoulders and passed blood from the bowels. On April 3, 1929 he had an operation at the Trinity Hospital and since then has passed no blood. He testified that since the accident he has worked, at different times, for two different concerns. He further testified that the street on which the accident occurred is a through, or stop street, where all traffic crossing it is required to stop and all vehicles thereon have the right of way over traffic across it. He further testified that there was only one car parked on the east side of the street at the time he attempted to cross, such car being about fifty feet north of the Swiss Tire Shop. According to his testimony he was about six feet from the curb at the time he was struck and had been standing in that position watching the traffic until the street appeared to be clear. He further testified that the different cars that passed had lights.

The defendant Christopher testified that at the time of the accident he was coming down the street going north, about forty feet behind a car going in the same direction; that he did not see a car coming from the north until it passed and that this car obstructed his view; that there were other cars going in the same direction so that there were four cars in a line and that he thereupon moved to the right side of the street as far as he could and just as he did so he looked up and ob-

served that he was only about five feet from Nichols; that Nichols at that time was behind the car parked in front of the Swiss Tire Shop; that he realized he hit something but thought it was the tire and that he saw the tire; that at the time Nichols was about a foot and a half or two feet from the parked car; that at the time the lights on the motorcycle were burning and the brakes working; that when he saw Nichols he (Christopher) turned out toward the center of the street as sharply as possible; that his side-car lifted and that he knew if he turned more sharply it would upset; that he stopped in about twenty feet and saw Nichols getting up and figured that he was all right and so did not stop. The evidence further shows that Mr. Swiss, the owner of the Swiss Tire Shop, came out shortly after the accident had occurred and noticed that Nichols had been injured; that he (Nichols) said something about a motorcycle and that Swiss thereafter followed and made a search for the motorcycle and finally located it; that he had a talk with Christopher at the time.

On this appeal appellant has specified some eighty-nine errors.

The first assignments are predicated upon rulings relating to the cross-examination of the defendant Christopher under the statute. Upon the record presented on this appeal the assignments are obviously without merit. Christopher was a party defendant. The cross-examination was restricted by the trial court within an unusually narrow scope. If there was any error in the rulings on cross-examination it was error against the plaintiff rather than against the defendants. Christopher was later called as a witness in behalf of both of the defendants and the testimony he there gave covered every feature covered by his cross-examination, and was far more damaging to the defendants than anything elicited from him under cross-examination.

Other assignments of error are predicated upon over-ruling of objections to questions on the ground that the questions were leading. We have seldom read a record where so few leading questions were allowed. Here again we believe that if any error was committed it was in sustaining objections rather than in over-ruling them.

Error is, also, predicated upon the rulings of the court permitting the plaintiff to testify that he did not hear any alarm given before he was struck by the motorcycle and upon rulings permitting plaintiff to

testify as to his physical condition after the accident. Some of these assignments are not supported by any extended argument, and might well be deemed waived. We have, however, examined the rulings on which the assignments are predicated and fail to find that any error was committed. On the contrary, the rulings appear to be manifestly proper.

Error is also predicated upon the rulings of the court in permitting the witness Swiss to testify as regards his following the motorcycle after the accident and the conversation then had with Christopher. We find no error in the rulings. In any event, they were wholly without prejudice. The subject to which they referred was no longer in dispute when the case was concluded as it was then undisputed that a motorcycle, operated by Christopher, was the one which collided with and injured the plaintiff. This fact, however, was not admitted in the answer, but was denied and it therefore was necessary for the plaintiff, as a part of his main case, to show that a motorcycle operated by Christopher injured the plaintiff. The questions asked, and to which the defendants objected, sought to show this fact and no other.

Error is also predicated upon rulings permitting the wife of the plaintiff to testify as regards his condition after the accident. She did not purport to testify as an expert but merely testified as to what she observed as to his condition. The trial court very carefully excluded all testimony on the part of the plaintiff's wife having any semblance of an expert opinion and restricted her testimony solely to what she had learned from observation. We are unable to find any ruling as regards the testimony of Mrs. Nichols that even appears doubtful.

Error is also assigned upon the court's instructions to the jury. Most of the assignments are not supported by any argument and are therefore, under well-settled principles, deemed waived. The only assignments predicated upon the court's instructions that are supported by argument relate to the reading by the court of certain portions of the complaint and statements made in the course of the instructions (in harmony with the allegations of the complaint), outlining the elements to be considered in awarding damages and referring, among others, to probable future pain and suffering and permanent injury. The instructions so given were in accord with the allegations of the complaint but

it was claimed that inasmuch as there was no expert testimony tending to show the extent of the injury that it was error to make any reference thereto whatsoever. The evidence adduced by the plaintiff showed that since the accident and at the time of the trial he was suffering pain as a result of the injuries received. The evidence also showed that since the accident he had been, and at the time of the trial he still was, incapacitated from performing manual labor of the kind he had formerly been engaged in. It can hardly be said that there was no evidence whatever from which it might be deduced that the plaintiff would be subject to pain and suffering in the future or that to some degree his injuries would not be permanent. The most that can be said is that there is no expert testimony or opinion testimony of experts to this effect. There was no request that the court instruct the jury that there was no evidence justifying a finding on these questions. It is not at all clear that it can be said upon the record here that any error was committed in the instruction as given. In any event we are agreed that no prejudice could have resulted therefrom. The court did not at all press upon the jury future pain or permanent injuries as elements to be considered in awarding damages. These matters were merely referred to incidentally in epitomizing the allegations of the complaint. In light of the evidence and the amount of the verdict, it does not appear at all probable that the jury allowed any damages whatsoever for future pain or permanent injuries. The verdict returned does no more than compensate the plaintiff for financial loss sustained up to the date of the trial on account of loss of time and money expended for medical treatment as established by evidence which is practically undisputed. The particular instruction complained of could, of course, have had no effect whatever except on the amount of the verdict. It obviously had no bearing upon any question going to the right of the plaintiff to recover and could only have affected the amount awarded. In the circumstances if prejudice had resulted through the allowance of an excessive amount of damages, we should have felt impelled to restrict the new trial solely to the question of amount of damages. Jacobson v. Hormer, 49 N. D. 741, 193 N. W. 327; Weigel v. Powers Elevator Co. 49 N. D. 867, 194 N. W. 113. But, as said, upon the record presented here we are of the opinion that in any view of the evidence no

prejudice could have resulted from the instruction, and that it appears far more likely that upon a new trial a verdict for a greater, rather than a lesser, amount might be awarded.

The defendant also predicates error upon the denial of the motion for a dismissal of the case at the close of plaintiff's case and the denial of the motion for a directed verdict at the close of all the testimony. These motions were based upon the grounds that the evidence failed to show negligence on the part of the defendant or his servants or employees and showed that plaintiff's own negligence was the contributing, or proximate, cause of his injury. In support of this assignment appellant cites numerous authorities. Some of the cases cited deal with a situation where a vehicle is operated without lights, others deal with a situation where a person suddenly darts out from behind a parked automobile and attempts to cross in the middle of a block. No good purpose would be subserved by attempting to analyze the different cases cited. It is sufficient to say that in our opinion none of them are controlling here. It is fundamental that the questions of negligence and contributory negligence are ordinarily and primarily questions of fact for a jury. They become questions of law only when the evidence is such that reasonable minds, by the exercise of reason and judgment, can arrive at only one conclusion. In determining whether a person in a situation like that which lies at the base of this action, is guilty of negligence, not certain isolated facts, but all the facts, must be considered. And in view of the verdict, the facts must be viewed in the light most favorable to the plaintiff. The evidence here does not show that the plaintiff suddenly darted out from behind an automobile. On the contrary, the evidence shows that he was standing close to a parked car (according to Christopher's testimony only about one and one-half or two feet away from the car); that he stood there watching until the traffic cleared so that he might safely go across the street; that at that time it was so dark that the various cars were operated with lights; that a motorcycle, operated by Christopher, without lights, went so close to the parked car where plaintiff was standing that it ran into him and knocked him down. In the circumstances disclosed by the evidence in this case we are agreed that it cannot be said as a matter of

law either that the defendant was free from negligence or that the plaintiff was guilty of contributory negligence. We are of the opinion rather that the questions of negligence and contributory negligence were peculiarly questions for the jury and that the verdict of the jury is binding upon this court.

It follows therefore that the judgment and order appealed from must be affirmed. It is so ordered.

BURKE, BIRDZELL, NUESSLE, and BURR, JJ., concur.